**Ursulo H. HERNANDEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72800.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed March 1, 2007.

Ursulo H. Hernandez, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Russell J.E. Verby, Esq., U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Ursulo H. Hernandez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals'

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") order dismissing his appeal from the Immigration Judge's ("IJ") order denying his motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion, *see Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

 We lack jurisdiction to review the IJ's August 28, 1996 order denying Hernandez's applications for asylum, withholding of deportation, and voluntary departure because he did not appeal that order to the BIA, thereby failing to exhaust his administrative remedies. *See Vargas v. U.S. Dept. of Immigration and Naturalization*, 831 F.2d 906, 907–08 (9th Cir. 1987).

The BIA did not abuse its discretion in denying Hernandez's motion to reopen as untimely because he did not file it until eight years after the IJ's order, *see* 8 C.F.R. § 1003.23(b)(1), and did not show he was entitled to equitable tolling of the ninety-day time limit. *See Iturribarria v. INS*, 321 F.3d 889, 898 (9th Cir.2003) (stating that the court recognizes equitable tolling of deadlines on motions to reopen when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error) (citations omitted).

Finally, the BIA acted within its discretion in denying the motion to reopen on the grounds that Hernandez did not offer affidavits or other evidentiary material in support of his claims that he was denied due process by the IJ. *See* 8 C.F.R. § 1003.23(b)(3).

---

* The panel unanimously finds this case suitable

**PETITION FOR REVIEW DENIED.**

**THE MANDATE SHALL ISSUE FORTHWITH.**